IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEFFREY A. DIXON                                                              PLAINTIFF

v.                              No. 2:16-CV-02186

NANCY A. BERRYHILL, Commissioner,
Social Security Administration                                                DEFENDANT

**ORDER**

The Court has received a report and recommendations (Doc. 12) from Chief United States Magistrate Judge Barry A. Bryant. The Court reviewed the report and recommendations and the timely objections (Doc. 13) filed by Defendant. Plaintiff did not file a response to the objections. The Court has reviewed the decision of the Magistrate de novo. 28 U.S.C. § 636(b)(1). The Court will not adopt the Magistrate's findings and analysis, but finds that the Magistrate's recommended disposition is correct.

The Magistrate recommends that this case be remanded to the Administrative Law Judge ("ALJ") on the first ground raised by Plaintiff because the ALJ did not apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) or from 20 CFR §§ 404.1529 and 416.929 in assessing Plaintiff's credibility regarding Plaintiff's subjective complaints of pain. The Magistrate found that instead of evaluating the *Polaski* factors outlined above and providing valid reasons for discounting Plaintiff's subjective complaints, the ALJ focused on Plaintiff's medical records and discounted his subjective complaints because they were not supported by those records. The ALJ determined Plaintiff's Residual Functional Capacity (RFC) on this basis.

The ALJ emphasized that "[t]he medical evidence of record does not entirely support the credibility of claimant's allegations regarding his impairment. The objective medical findings

reveal some limitations, but not to the extent alleged by the claimant." (Doc. 9, p 46).[1] However, Defendant's objections point out that, along with the medical evidence, the ALJ also considered Plaintiff's self-reported abilities to drive—including to the hearing—and to help care for his elderly mother in determining that Plaintiff's reports of constant pain were not credible. (Doc. 13, pp. 3–4).

Rejecting a claimant's testimony regarding pain requires the ALJ to make an express credibility determination and state the reasons for discrediting the claimant's testimony. *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991) (citing *Ricketts. v. Secretary of Health and Human Services*, 902 F.2d 661, 664 (8th Cir. 1990)). While the Eighth Circuit prefers that the ALJ's analysis expressly cites the *Polaski* factors, "an analysis pursuant to 20 C.F.R. §§ 404.1529 and 416.929, … largely mirror[s] the *Polaski* factors." *Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The Court agrees with Defendant's objection to the report and recommendation and declines to adopt the Magistrate's findings. The ALJ's credibility determination, though it is less thorough than a reviewing court would desire, and though it fails to expressly discuss the *Polaski* factors, is sufficient under the precedent of this Circuit to support the ALJ's RFC determination.

Because the Magistrate Judge agreed with Plaintiff's first argument for reversal, he did not address Plaintiff's second argument. Defendant's objection also does not reach that argument. However, because the Court has reviewed this case de novo, the Court will address Plaintiff's second argument, and will remand on that basis.

Plaintiff argues that the ALJ erred in failing to analyze whether his last position, as tool crib assistant, was accommodated work that could not count as past relevant work or a composite job, either of which precluded a denial of benefits at Step 4 of the ALJ's analysis. Plaintiff also

---

[1] All cites use CM/ECF pagination, rather than internal pagination.

argues that the ALJ uncritically relied on the vocational expert's facially incorrect DOT[2] designation of the tool crib assistant job as Checker II, DOT 209.687-010.

The Court agrees with both of these arguments. The ALJ has a duty to develop the facts fully and fairly. *Cox v. Apfel*, 160 F.3d 1203, 1209 (8th Cir. 1998). This includes inquiring into whether Plaintiff's last position was accommodated work or a composite job, and proceeding accordingly. Where the ALJ chooses to rely on a vocational expert, the ALJ is required "not only to ask the [vocational] expert whether there was a conflict [between the vocational expert's evidence and the information provided in the DOT], but also to obtain an explanation for any such conflict." *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007). The ALJ's error in failing to do so here is not harmless. The Checker II position is defined as a sedentary, clerical, proofreading position, and Plaintiff's argument is that the correct DOT position was Tool-Crib Attendant, which, while clerical, is not sedentary. *Compare* DOT 209.687-010 (Checker II) *with* DOT 222.367-062 (Tool-Crib Attendant). Furthermore, it is impossible for the ALJ to determine whether Plaintiff has the RFC to perform the requirements of his past relevant work if the ALJ incorrectly identifies that past relevant work. The ALJ's decisions concerning Plaintiff's past relevant work and whether Plaintiff has the RFC to do that work are not supported by substantial evidence, and remand is necessary for further development of the record. While this matter is on remand, the ALJ is also invited, but not required, to supplement the analysis of Plaintiff's RFC.

IT IS THEREFORE ORDERED that the report and recommendations (Doc. 12) is ADOPTED IN PART, insofar as the Court rejects the Magistrate's findings and conclusions of law, but adopts the Magistrate's recommendation to reverse and remand.

IT IS FURTHER ORDERED that the decision of the Commissioner of the Social Security

---

[2] Dictionary of Occupational Titles.

Administration to deny benefits to Plaintiff is REVERSED and this matter is REMANDED for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

Judgment will be entered accordingly.

IT IS SO ORDERED this 2nd day of March, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE